BATTE BROTHERS *v.* BATTLE.

Opinion delivered June 23, 1919.

1. SALE—EVIDENCE.—Where there was a controversy as to whether the buyer or the seller of lumber failed to perform the contract, it was not error to refuse to permit the buyer to show that certain offers to him had been made to buy the timber in question, where the court permitted the witness to testify what the market value of the timber was.

2. EVIDENCE—MARKET VALUE—OPINION.—It was not error to permit a witness to testify as to the market value of the lumber in question where he based his opinion on an examination of a hundred or more logs and other witnesses testified that these logs were about an average.

3. EVIDENCE—MARKET VALUE—HOW ESTABLISHED.—Where there was no market value at the place of delivery, it was competent to show what the lumber was worth by deducting the freight from its value at the nearest established markets.

Appeal from Hempstead Circuit Court; *Geo. R. Haynie,* Judge; affirmed.

*J. D. Cook,* for appellants.

1. The court erred in the exclusion of the testimony of Batte and Hicks as to the market value of merchantable cypress lumber and in the admission of appellee's evidence as to that issue. Appellants did not purchase mill run lumber but *merchantable* mill run lumber under the contract. Appellants were entitled to prove the market value by sales of the different grades which made up merchantable mill run purchased by appellants. The evidence was competent and material, and its exclusion prejudicial, as the verdict shows. 137 Ark. 592; 66 Ark. 175.

2. It was also error to exclude the evidence of R. S. Bailey as to the market value of lumber covered by the contract upon an examination the day before of one hundred or more logs on the yards of the mill. 82 Ark. 358.

*Graves & McFadden,* for appellee.

The assignments of error by appellants were not assigned in the motion for new trial and this court will not consider them as they are raised here for the first time and Nos. 4, 5 and 6 are not specific, but too general and sweeping. 75 Ark. 111; 103 N. E. 27; 38 Ark. 528. But if sufficiently definite there was no error by the court. *Supra.*

2. There was no error in the exclusion of the evidence of Batte and Hicks as to particular offers, sales market value and grades. It was not competent to prove offers for the property to prove the market value of property. 117 Ark. 317; 14 Ark. L. R. 230; 30 N. E. 985; 10 R. C. L. 956-7.

The exceptions to testimony were not properly saved in the record. But if the testimony was competent, and it was improperly introduced in the light of the verdict of the jury, it was not reversible error as the jury found for the defendant and no complaint is made of error in the instructions.

SMITH, J. This suit was instituted by Batte Brothers, a copartnership composed of A. W. and C. W. Batte, to recover of J. J. Battle damages on account of an alleged breach of a contract. The jury found for the defendant, and plaintiffs have appealed, and in referring to the parties we shall employ the designations used in the briefs and will refer to appellants as plaintiffs and to appellee as the defendant.

The material portions of the contract are as follows:

"That, for the consideration hereinafter mentioned, said party of the first part hereby sells to the parties of the second part all of the cypress lumber cut from all the merchantable cypress timber on the White, Van Etten and Read tracts of land, estimated at one million feet mill run, more or less, said lumber to be cut from straight logs twelve inches and over in diameter, and of standard length. The party of the first part agrees to guarantee the logs to run as good grade as the trees inspected by the party of the second part on the mill yard.

"It is further agreed that said party of the first part will cut and deliver f. o. b. Fulton, Arkansas, at least one hundred thousand feet per month, unless hindered or prevented by some unavoidable casualty or weather.

"It is further agreed that said party of the first part will cut said lumber in accordance with specifications to to be furnished by the parties of the second part.

"The parties of the second part agree to pay the party of the first part the sum of twenty dollars per thousand feet, cash on ten days' sight draft, mill run, for said lumber when delivered in accordance with specifications f. o. b. and loaded on cars at Fulton, Arkansas."

It was alleged in the complaint that defendant failed and refused to cut and deliver the lumber, and plaintiffs offered testimony in support of that allegation. The case was tried upon the theory that this failure was due to an advance in the price of the lumber over that named in the contract, and much conflicting testimony was offered in regard to the market value of this lumber. On the other hand, the defendant alleged that plaintiffs were to furnish specifications for cutting the lumber but failed to furnish any specifications therefor, and that plaintiffs failed to pay for and receive the lumber which was sawed under the contract or to make the advances thereon which the contract called for.

The real and controlling question in the case was, who breached the contract? Which of the parties failed to perform? And that question of fact was resolved against plaintiffs by the verdict of the jury in favor of defendant.

As tending to support their contention that defendant had refused to manufacture the lumber, plaintiffs offered testimony to the effect that lumber had advanced in price, and that defendant failed to perform the contract on that account. It is also said that the enhancement of the market price of the lumber over its contract price furnished the measure of damages for the alleged breach, and that error was committed at the trial in the admission and exclusion of testimony bearing on that fact. Upon the issue thus joined the court instructed the jury as follows:

"If you find from the preponderance of the evidence in this case that the defendant failed or refused to furnish the lumber to the plaintiffs as set out in the contract, and that the plaintiffs have suffered any damage on account of such alleged breach of contract, you will find for the plaintiffs. Under the terms of the contract sued on, it was the duty of the plaintiffs to furnish the defendant with specifications of the lumber that was to be cut by the defendant furnished to the plaintiffs. If you find that the plaintiffs failed or refused to furnish

the specifications for the lumber to be cut by the defendant, then the plaintiffs can not recover, or, if you find that the plaintiffs themselves abandoned the contract sued on, and that, on account of such abandonment of the contract, the contract was not fulfilled by the defendant, then you can not find for the plaintiffs.''

Other instructions elaborated the idea that the right to recover existed if the jury found the fact to be that plaintiffs performed or offered to perform their part of the contract, while the defendant failed or refused to perform. And other instructions told the jury what the measure of damages would be in the event a right of recovery was found to exist.

No objection is urged to any of the instructions given, and it would, therefore, be academic to determine whether error was committed in the admission or exclusion of testimony which went only to the question of the amount of damages to be recovered when the jury had found against plaintiffs' right to recover at all but for plaintiffs' contention that the jury might have found otherwise on the main question of fact but for the alleged errors in the admission and exclusion of testimony tending to show there had been an enhancement in the value of the lumber. In other words, that, if plaintiffs had been properly permitted to show the increased market value of the lumber over the contract price, it would have appeared to the jury that it would have been profitable to the plaintiffs to have the contract performed and correspondingly unprofitable to the defendant to perform it, and the jury would, therefore, have the more readily believed their testimony that they furnished specifications for sawing the lumber and otherwise offered to perform the contract, and would more readily have disbelieved defendant's testimony that this was not done. Assignments of error which raised this question will, therefore, be considered.

The first of these assignments of error is that the court refused to permit plaintiff C. W. Batte and one K. P. Hicks to testify as to certain offers which had been

made to them to buy portions of the lumber in question. If the competency of this testimony were conceded as an abstract proposition, it does not follow that error was committed here by its exclusion, for this would have been only one circumstance to show the market value, and the court did not refuse to permit the witnesses who would have given this testimony to state what the market value was. Moreover, this offered testimony related only to the higher grades of the lumber which would have been cut under the contract, and did not include the "mill run" of lumber for which the contract called.

A witness named Bailey was permitted to testify as to the market value of the lumber in question, and he based his opinion on an examination of a hundred or more logs which he found on the yard the day before he gave his testimony, the objection being that the witness did not know and did not undertake to state that these logs were about an average. But other instructions supplied that testimony. Substantially the same objection was made to the testimony of witness Beloe. But what we have said about the testimony of Bailey is equally applicable to that of Beloe.

A witness named Hicks was permitted to testify as to the market value at the contract place of delivery (the mill) by figuring the freight from the mill to the nearest established markets. Other witnesses had testified that there was no market for this lumber at the mill, and it was, therefore, competent to show what the cost of transportation of the lumber would have been by deducting this cost from the price obtainable at the established market to arrive at the market value at the point of shipment. *Arkansas Short Leaf Lbr. Co.* v. *McInturf*, 134 Ark. 284.

Exceptions were saved to certain testimony in regard to the quantity of timber. But this can not be of importance if there was no right to recover damages, a fact which the jury evidently must have found.

No prejudicial error appearing, the judgment is affirmed.